```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**JOE HAND PROMOTIONS, INC.,**

      Plaintiff,

  vs.                          Civil Action 2:13-cv-0093
                                    Magistrate Judge King

**MICHAEL C. HAVENS,**

      Defendant.

OPINION AND ORDER

This matter is before the Court on *Plaintiff Joe Hand Promotions, Inc.'s Motion to Strike Defendant's Affirmative Defenses*, Doc. No. 11 ("*Motion to Strike*"). For the reasons that follow, the *Motion to Strike* is **GRANTED in part and DENIED in part.**

I. BACKGROUND

Plaintiff, a California corporation with its principal place of business in Pennsylvania, was granted, pursuant to a contract ("the contract"), exclusive nationwide television distribution rights to a mixed martial arts event ("the Program") to take place on February 26, 2011. *Complaint*, Doc. No. 1, ¶¶ 6, 9. Under the contract, plaintiff entered into subleasing agreements "with various commercial entities throughout North America, including entities within the State of Ohio, by which it granted these entities limited subleasing rights, specifically the rights to publicly exhibit the Program[.]" *Id*. at ¶ 10. Plaintiff, asserting claims under the Communications Act of 1934,

1

47 U.S.C. § 605 *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553 *et seq.*, alleges that defendant intercepted and published the Program without a license or authorization.  *Id.* at ¶¶ 12-21.  Plaintiff also asserts a supplemental state law claim of conversion.  *Id*. at ¶¶ 22-25.

In responding to the *Complaint*, defendant raised three affirmative defenses.  *Answer Containing Affirmative Defenses*, Doc. No. 7, ¶¶ 26-28 ("*Answer*").  Plaintiff has moved to strike the affirmative defenses as legally insufficient.  *Motion to Strike*.  Defendant opposes the *Motion to Strike*.  *Defendant Michael C. Havens' Memorandum in Opposition to Plaintiff Joe Hand Promotions, Inc.'s Motion to Strike Affirmative Defenses*, Doc. No. 15 ("*Memo. in Opp.*").  Plaintiff has not filed a reply.

**II.  STANDARD**

A court, on its own or upon motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  According to the United States Court of Appeals for the Sixth Circuit, "the action of striking a pleading should be sparingly used by the courts" and should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy."  *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).  *See also Morrow v. South*, 540 F. Supp. 1104, 1111 (S.D. Ohio 1982) ("Motions under Rule 12(f) are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy.") (citing *United*

*States v. Firestone Tire & Rubber Co.*, 374 F. Supp. 431, 434 (N.D. Ohio 1974)).

In addition, "a motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *United States v. Pretty Prod., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1999) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1380, at 672-78 (1990)). *See also id*. ("[T]his Court may only strike those defenses 'so legally insufficient that it is beyond cavil that defendants could not prevail on them.'" (quoting *United States v. Kramer*, 757 F. Supp. 397, 410 (D. N.J. 1991)). Nevertheless, motions to strike "'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *Id*. (quoting *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989)).

**III. DISCUSSION**

Plaintiff seeks to strike defendant's three affirmative defenses, which the Court shall address in turn.

**A. Statute of Limitations**

Defendant first asserts that "the applicable statute of limitations" bars plaintiff's claims. *Complaint*, ¶ 26. In seeking to strike this affirmative defense, plaintiff initially suggests that a heightened standard, *i.e.*, the standard applicable to a Rule 12(b)(6) motion, applies to the assertion of affirmative defenses. *Motion to Strike*, p. 2 (citing, *inter alia*, *Bell Atlantic Corp. v. Twombly*, 550

U.S. 555 n.3 (2007)). Applying *Twombly*, plaintiff argues that, *inter alia*, the statute of limitations defense is simply a "boilerplate recitation[] of legal conclusions[.]" *Id*. Plaintiff next contends that a four-year statute of limitations applies to claims under 47 U.S.C. §§ 553 and 605. *Id*. at 4 (explaining that, because the federal statutes do not provide a limitations period, the appropriate state statute of limitations for conversion claims - in this instance, four years - applies). Plaintiff alleges that the Program was broadcast on February 26, 2011, *Complaint*, ¶ 9, and notes that this action was filed on February 1, 2013. *Motion to Strike*, p. 4. Plaintiff therefore contends that this defense fails as a matter of law because plaintiff filed its claims "within two years of their accrual (and two years prior to the expiration of the statute of limitations for conversion)." *Id*. (arguing that, even if the two-year statute of limitations for O.R.C. § 2933.65 (addressing unlawful interceptions of electronic communications) applies, plaintiff's claims are nevertheless timely).

In response, defendant first contends that plaintiff wrongly extends the *Twombly* pleading standard to the assertion of affirmative defenses. *Memo. in Opp.*, pp. 1-4. Defendant concedes that claims of conversion in Ohio must be brought within four years, *id*. at 4, but argues that it is the two-year statute of limitations established by O.R.C. § 2933.65 that applies to plaintiff's claims and that application of that statute bars those claims. *Id*. at 4-5. Defendant specifically reasons that O.R.C. § 2933.65(C) requires that claims be brought within two years after the date on which the claimant "'first

4

has a reasonable opportunity to discover the violation.'" *Id*. at 4 (quoting O.R.C. § 2933.65(C)). Even though the Program was televised on February 26, 2011 and the *Complaint* was filed on February 1, 2013, defendant argues that plaintiff may "have had reason to know of the alleged violation for more than two years before February 1, 2011." *Id*. at 4-5.

Under Rule 8 of the Federal Rules of Civil Procedure, a party must state defenses "in short and plain terms" and pleadings must be "simple, concise, and direct." Fed. R. Civ. P. 8(b)(1), (d)(1). According to the United States Court of Appeals for the Sixth Circuit, "'[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Lawrence v. Chabot*, Nos. 05-1082, 05-1397, 182 F. App'x 442, at *456 (6th Cir. May 16, 2006) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274)). *See also Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998) (finding that a defense alleging that "Plaintiffs' claims are barred by the doctrine of *res judicata*" adequately put plaintiffs on notice). Plaintiff has not persuaded this Court that a heightened pleading standard applies to the assertion of affirmative defenses. *Cf. Montgomery v. Wyeth*, 580 F.3d 455, 468 (6th Cir. 2009) ("The Federal Rules of Civil Procedure do not require a heightened pleading standard for a statute of repose defense.") (citing Fed. R. Civ. P. 8(b)(1), (d)(1)). *See also Chiancone v. City of Akron*, No. 5:11CV337, 2011 U.S. Dist. LEXIS 108444, at *12 (N.D. Ohio Sept. 23, 2011) ("Indeed, the Sixth Circuit does not require that affirmative defenses show that the pleader is

5

entitled to relief.") (citing *Montgomery*, 580 F.3d at 468). Here, defendant has alleged that "the applicable statute of limitations" bars plaintiff's claims. *Complaint*, ¶ 26. Although this defense lacks factual detail, the defense nevertheless provides plaintiff fair notice of the nature of the defense. *See Lawrence*, 182 F. App'x 442, at *456; *Montgomery*, 580 F.3d at 468. The defense need not be stricken on this basis.

However, the Court concludes that defendant's statute of limitations defense is not legally sufficient. As even defendant concedes, plaintiff's claims are timely if the four-year statute of limitations applicable to conversion claims is applied. Section 2933.65 requires that a claimant "commence the civil action within two years after the date on which the claimant first has a reasonable opportunity to discover the violation." O.R.C. § 2933.65(C). Here, the alleged violation, *i.e.*, the alleged unauthorized interception and publication of the Program, occurred on February 26, 2011. *Complaint*, ¶ 9. Put simply, plaintiff had no "reasonable opportunity to discover the violation" until that date. Because the *Complaint* was filed on February 1, 2013, *i.e.*, less than two years after the alleged violation, the action is not untimely even under O.R.C. § 2933.65. Accordingly, as it relates to the statute of limitations affirmative defense, the *Motion to Strike* is well-taken.

  **B. Failure to Join Indispensable Party (Parties)**

Defendant also alleges that the *Complaint* is barred because

> any acts or omissions complained of, *assuming arguendo that they are true*, were committed by a person or persons other than this answering Defendant, and person(s) over whom this answering Defendant had no control (direct or otherwise),

6

>     and to that extent, the Complaint fails to join parties
>     indispensable to adjudication of this action.

*Complaint*, ¶ 27.

Plaintiff argues that this defense should be stricken because (1) it is simply "a denial of an element of Plaintiff's causes of action (to wit, causation)," and is therefore redundant, and (2) it misstates the law. *Motion to Strike*, pp. 4-5. As to the second ground, plaintiff notes that even a failure to join an indispensable party will defeat a claim only if joinder of the indispensable party is impossible. *Id*. at 5. "[G]iven the dearth of information provided by Defendant, this analysis [whether or not an indispensable party can be joined] cannot be undertaken, which only serves to underscore the lack of notice provided by the defense." *Id*.

This Court agrees. The mere fact that a defendant points to the liability of another person does not render that other person indispensable to the litigation. Even joint tortfeasors are not necessary, let alone indispensable, parties within the meaning of Fed. R. Civ. P. 19(a). *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001)("a person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party . . ."). Defendant fails to identify any alleged indispensable party and utterly fails to explain why any such party cannot be joined. Even defendant's memorandum in opposition to the *Motion to Strike* fails to provide this information. *Memo. in Opp.*, p. 5. Under these circumstances, as it relates to the affirmative defense that plaintiff has failed to join an indispensable party, the *Motion to Strike* is meritorious.

7

### C. Failure to Comply with Licensing Requirement

Defendant's third defense asserts the following:

> To the extent that Plaintiff is a foreign corporation as defined in Ohio law, it is prevented from maintaining any action in any Court in Ohio until it has complied with requisite licensing obligations, pursuant to Ohio Revised Code § 1703.29(A), and upon information believed, Plaintiff is not exempt from licensing requirements contained in said statute.  This action should therefore be dismissed or stayed upon authority of *Auto Driveaway, Co. v. Auto Logistics of Columbus*, 188 F.R.D. 262 (S.D.Oh. 1999).

*Answer*, ¶ 28.  Plaintiff argues that O.R.C. § 1703.29 does not apply to it and that this defense is legally insufficient.  *Motion to Strike*, pp. 5-6 (citing *Hitachi Med. Sys. Am., Inc. v. Horizon Med. Group*, No. 5:07CV02035, 2008 WL 5723531, at *2-3 (N.D. Ohio Aug. 29, 2008)).

Section 1703.29 provides as follows:

> The failure of any corporation to obtain a license under sections 1703.01 to 1703.31, inclusive, of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license.  Before any such corporation shall maintain such action on any cause of action arising at the time when it was not licensed to transact business in this state, it shall pay to the secretary of state a forfeiture of two hundred fifty dollars and file in this office the papers required by divisions (B) or (C) of this section, whichever is applicable.

Plaintiff does not deny that it is a foreign corporation within the meaning of the statute.  *See also* O.R.C. § 1703.01(B)(providing that, for purposes of § 1703.29, a "foreign" corporation is a corporation incorporated under the laws of another state); *Complaint*, ¶ 6 (alleging that plaintiff is a California corporation with its principal place of business in Pennsylvania).  Plaintiff does deny,

8

however, that it is transacting business in Ohio; in any event, plaintiff contends, it is exempt from the statute's requirements because it engages in interstate commerce. *Id*. at 6 (quoting O.R.C. § 1703.02 (exempting corporations from the requirements of, *inter alia*, Section 1703.29 where the "corporations engaged in this state [are] solely in interstate commerce")). Finally, plaintiff argues that, in any event, any deficiency under the statute may be cured by the payment of $250.00 and the completion of certain paperwork. In short, plaintiff contends, this defense cannot result in the dismissal of the action. *Id*. at 6-7. In this regard, plaintiff notes that, even in the case upon which defendant relies, the court did not dismiss the case but instead stayed the action until the foreign corporation complied with the statutory requirements. *Id.* at 7 (citing *Auto Driveway*, 188 F.R.D. at 265).

    Whether or not plaintiff is subject to the licensing requirements of § 1703.29(A) may require the resolution of factual issues; it follows, then, that the defense is not so legally insufficient as to be stricken. *See Pretty Prod., Inc*., 780 F. Supp. at 1498. Moreover, even though a failure to comply with the requirements of O.R.C. § 1703.29(A) can be, as plaintiff acknowledges, easily cured, *see Capital City Energy Group, Inc. v. Kelley Drye & Warren, LLP*, No. 2:11-cv-00207, 2011 U.S. Dist. LEXIS 125784, at *14-15 (S.D. Ohio Oct. 31, 2011) (denying a motion to dismiss where an unlicensed foreign corporation cured statutory deficiency and became properly licensed), a failure to cure the default may in fact be fatal to a foreign

9

corporation's claims. In short, the Court cannot say that this affirmative defense is legally insufficient.

    **WHEREUPON**, *Plaintiff Joe Hand Promotions, Inc.'s Motion to Strike Defendant's Affirmative Defenses*, Doc. No. 11, is **GRANTED in part and DENIED in part**. As it relates to the defenses of statute of limitations and failure to join indispensable parties, the *Motion to Strike* is meritorious and these defenses are **ORDERED STRICKEN**. As it relates to the defense of failure to comply with the licensing requirement of O.R.C. § 1703.29, the *Motion to Strike* is without merit and it is therefore **DENIED**.

July 25, 2013                                *s/Norah McCann King*
                                             Norah McCann King
                                 United States Magistrate Judge